UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOHNTAE DARNELL BLAND,<br><br>　　　　　　Defendant. | Case No. 2:18-cr-295-APG-GWF<br><br>**ORDER DENYING EMERGENCY MOTION FOR REDUCTION OF SENTENCE**<br><br>(ECF No. 56) |

　　　　Defendant Johntae Darnel Bland pleaded guilty to distributing methamphetamine. ECF No. 42. I sentenced him to 65 months in prison and three years of supervised release. *Id.* He has served approximately one-third of that custodial sentence. He now seeks immediate release from prison under the "compassionate release" statute because he contracted COVID-19 while incarcerated. ECF No. 56. The Government opposes release, primarily because Bland has recovered and his health appears to be reverting back to his pre-infected state. ECF No. 64.

　　　　The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons." I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," including the requirement that the defendant "is not a danger to the safety of any other person or to the community." *Id.* (referring to U.S.S.G. § 1B1.13(2)).

　　　　The COVID-19 pandemic presents a risk to all incarcerated people. It also presents a risk to citizens who are not incarcerated. The Bureau of Prisons (BoP) is taking steps to treat and prevent the spread of the virus at FCI Victorville Medium I where Bland is housed. While its efforts have not been completely successful, no person or entity has yet discovered a cure or

vaccine for the virus.  Once Bland was diagnosed, he was treated and his vital signs have returned to normal. ECF No. 57 at 4.  Even if he develops some longer-lasting health effects (e.g., anxiety, *see id.*), there is no evidence the BoP can't treat those.  I do not find Bland's situation to be an "extraordinary or compelling circumstance" that warrants his release.

Even if I could so find, I would deny Bland's motion based on the § 3553(a) factors. Bland has over 15 misdemeanor convictions and three felony conviction.  He was on probation at the time he committed this crime.  Several bench warrants have been issued for his failure to appear for court hearings, leading to numerous arrests.  He has demonstrated an unwillingness to comply with court procedures, which suggests he would not comply with the significant limitations I would impose on him if I were to order him released at this time.

During sentencing, I evaluated the § 3553(a) factors and concluded Bland was entitled to a 19-month downward variance.  I have re-examined those factors and my analysis has not changed simply because he contracted COVID-19.  A further reduction in his sentence would defeat the deterrent effect that I intended, ignore Bland's criminal history and characteristics, and create an unwarranted sentencing disparity.[1]  Nothing convinces me he is entitled to a further reduction of his sentence.

I THEREFORE DENY the defendant's motion for reduction of his sentence (ECF No. 56).

Dated: August 27, 2020.

Andrew P. Gordon
UNITED STATES DISTRICT JUDGE

---

[1] Bland argues that he "is no more culpable than a defendant who was convicted and completed his sentence before COVID-19." ECF No. 56 at 29.  True, but nor is he less culpable than such a defendant, and he should not get a significantly reduced sentence simply because he contracted COVID-19.